NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VILLAGE COMMUNITIES, LLC; et al., | No. 23-55679 |
| Plaintiffs-Appellants, | D.C. No. 3:20-cv-01896-AJB-DEB |
| v. | |
| COUNTY OF SAN DIEGO; BOARD OF SUPERVISORS OF COUNTY OF SAN DIEGO, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted May 7, 2024
Pasadena, California

Before: WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.

This case arises out of the County of San Diego's denial of Village

Communities'[1] mixed-use development proposal near West Lilac Road in San

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Plaintiffs-Appellants are real estate development entities Village Communities, LLC, Shirey Falls, LP, Alligator Pears, LP, Gopher Canyon, LP, Ritson Road, LP, Lilac Creek Estates, LP, Sunflower Farms Investors, LP. We refer to them collectively as "Village Communities."

Diego County.  As a condition of approval, the County required that Village Communities obtain fifty easements from the properties adjoining West Lilac Road to mitigate wildfire risk from the development.  Village Communities did not obtain the easements, and the San Diego Board of Supervisors voted to deny the proposal because of fire safety concerns.  Village Communities sued the County of San Diego and San Diego Board of Supervisors (collectively, "the County") under 42 U.S.C. § 1983 for inverse condemnation and a temporary taking under the Fifth Amendment as well as for equal protection and substantive due process violations under the Fourteenth Amendment.  After the district court ruled on the parties' cross motions for summary judgment, only the Fifth Amendment takings claims remained.[2]

The district court adopted the parties' proposed final pretrial order, which stated that the only claim Village Communities was pursuing was the inverse condemnation claim.  The district court then granted the County's motion in limine to preclude Village Communities from presenting testimony from property owners along West Lilac Road.[3]  After the motion in limine ruling, the district court issued an order vacating the May 2023 trial date and requesting supplemental briefing on

[2] The district court requested and considered supplemental briefing on the takings claims before ruling on the cross motions for summary judgment.
[3] The district court also denied Village Communities' motion to amend the final pretrial order.

whether there was a taking under *Koontz v. St. Johns River Water Management District*, 570 U.S. 595 (2013). The district court sua sponte granted summary judgment in the County's favor.

Village Communities appeals the district court's order granting summary judgment sua sponte, the order granting the County's motion in limine, and the order denying Village Communities' motion to amend the final pretrial order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Because Village Communities had adequate notice and time to respond, the district court did not abuse its discretion in ruling under Federal Rule of Civil Procedure 56(f). *See Arce v. Douglas*, 793 F.3d 968, 976 (9th Cir. 2015) ("A district court's decision to grant summary judgment *sua sponte* is reviewed for abuse of discretion."). "After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). "[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).

Before the district court granted summary judgment sua sponte, there had been cross-motions for summary judgment and two rounds of supplemental

3

briefing on the takings claim. And the district court had warned Village Communities specifically that it "[saw] no evidence in support of Plaintiffs' takings claim." This warning—plus the fact that the parties had the opportunity to present all their evidence with their cross-motions for summary judgment—was sufficient to put Village Communities "on notice that [it] had to come forward with all of [its] evidence."[4] *Albino*, 747 F.3d at 1176 (quoting *Celotex*, 477 U.S. at 326).

2.       The district court did not abuse its discretion in disallowing Village Communities' two new takings theories as contrary to the pretrial order. *See Acorn v. City of Phoenix*, 798 F.2d 1260, 1272 (9th Cir. 1986) ("We review the district court's decision to exclude issues as contrary to the pretrial order for a clear abuse of discretion."), *overruled on other grounds by Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936 (9th Cir. 2011) (en banc). As the district court correctly noted, the operative second amended complaint and final pretrial order included only one takings theory—that the County's "easement condition required [Village Communities] to expend money in exchange for

---

[4] Although Village Communities argues that the district court did not comply with Rule 56(f) because it limited the supplemental briefs to fifteen pages and did not allow for a reply brief, Village Communities does not provide any authority to support its position. We similarly see no merit in Village Communities' argument that the district court violated Rule 56(f) because it "failed to acknowledge" counsel's declaration that Village Communities would present additional evidence at trial.

4

obtaining the easements and as such, the condition resulted in an unconstitutional taking of property or money under the Takings Clause of the Fifth Amendment." Even "liberally constru[ing]" the pretrial order, *In re Hunt*, 238 F.3d 1098, 1101 (9th Cir. 2001), Village Communities' two new takings theories—(1) that the County's requirement that Village Communities "assign and convey" the easements to the County was an unconstitutional exaction; and (2) that the "easement condition was a taking of Appellants' right to process the permit application"—were not clearly set out in the final pretrial order. The district court therefore did not abuse its discretion in barring these new theories.[5] *See S. Cal. Retail Clerks Union & Food Emps. Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984) ("Under Rule 16(e) of the Federal Rules of Civil Procedure, a pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. We have consistently held that issues not preserved in the pretrial order have been eliminated from the action.").

3. Nor did the district court abuse its discretion in denying leave to amend the final pretrial order to include Village Communities' two additional takings theories. *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) ("We

---

[5] Village Community also argues that its proposed jury instructions and verdict form are "part and parcel" of the final pretrial order and should be considered together. But Village Communities cites no authority or evidence to support this contention.

5

review the district court's denial of a motion to modify a pre-trial order for abuse of discretion." (citation omitted)). A district court "*may* modify the order issued after a final pretrial conference *only to prevent manifest injustice*." Fed. R. Civ. P. 16(e) (emphasis added). Thus, while the district court has discretion to modify the final pretrial order, it need not do so. Here, we see no abuse of discretion nor any manifest injustice.

4.      Although we disagree with the district court's reasoning, we nevertheless affirm[6] the summary judgment ruling on alternative grounds.[7] As noted above, Village Communities' only claim on appeal is an inverse condemnation takings claim; a claim that the easement condition "deprived Plaintiffs of their constitutional right under the Fifth Amendment Takings Clause of the U.S. Constitution by requiring Plaintiffs to pay money or convey property as a condition of approving their permit application."[8]

---

[6] As Village Communities conceded at oral argument (Oral Argument at 2:50–3:11), to grant the relief Village Communities seeks, we would need to answer the question left open in *Koontz*—"whether *federal* law authorizes plaintiffs to recover damages for unconstitutional conditions claims predicated on the Takings Clause." *Koontz*, 570 U.S. at 610. This question has not yet been answered in our circuit nor in any other circuit. Because we find that the inverse condemnation claim fails on well-settled grounds, we assume that damages would be available in the circumstances here, acknowledging that the Supreme Court left this question open.

[7] We may affirm on any ground supported by the record. *See, e.g., Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015).

[8] Village Communities conceded at oral argument that it did not make a regulatory takings claim. Oral Argument at 3:12–3:17.

"The Takings Clause of the Fifth Amendment provides that 'private property' shall not 'be taken for public use, without just compensation.'" *Ballinger v. City of Oakland*, 24 F.4th 1287, 1292 (9th Cir. 2022) (citation omitted). And under the unconstitutional conditions doctrine, "the government may not deny a benefit to a person because he exercises a constitutional right." *Koontz*, 570 U.S. at 604 (quoting *Regan v. Taxation With Representation of Wash.*, 461 U.S. 540, 545 (1983)). *Koontz* involves a "'special application' of this doctrine that protects the Fifth Amendment right to just compensation for property the government takes when owners apply for land-use permits." *Id.* (citations omitted). Under *Koontz*, the government is allowed to "condition approval of a permit on the dedication of property to the public so long as there is a 'nexus' and 'rough proportionality' between the property that the government demands and the social costs of the applicant's proposal." *Id.* at 605–06.

The Supreme Court explained that this doctrine was meant to address the concern that

> land-use permit applicants are especially vulnerable to . . . coercion . . . because the government often has broad discretion to deny a permit that is worth far more than property it would like to take. By conditioning a building permit on the owner's deeding over a public right-of-way, for example, the government can pressure an owner into voluntarily giving up property for which the Fifth Amendment would otherwise require just compensation.

*Id.* at 604–05 (citations omitted). For example, in *Nollan v. California Coastal*

7

*Commission*, 483 U.S. 825 (1987), a permit to build a three-bedroom house was impermissibly conditioned on the landowners granting an easement for the public to cross the property for easier access to the county park and cove. *Id.* at 828. In *Dolan v. City of Tigard*, 512 U.S. 374 (1994), a permit to redevelop land was impermissibly conditioned on the landowner "dedicat[ing] the portion of her property lying within the 100–year floodplain for improvement of a storm drainage system" and "dedicat[ing] an additional 15–foot strip of land adjacent to the floodplain as a pedestrian/bicycle pathway." *Id.* at 380. And in *Koontz*, a landowner who sought permits from his water district to develop 3.7 acres of his 14.9-acre tract of land could not receive a permit unless (1) he reduced the size of his development to one acre and deeded the remaining 13.9 acres to the water district or (2) deeded 11 acres to the water district *and* hired contractors to improve about fifty acres of district-owned land. 570 U.S. at 601–02.

This case is distinguishable from *Koontz*, *Nollan*, and *Dolan*. Assuming that acquiring the West Lilac Road easements would have required a significant expenditure from Village Communities, Village Communities did not carry its burden to show that this condition was used to coerce it into "voluntarily *giving up* property for which the Fifth Amendment would otherwise require just compensation." *Koontz*, 570 U.S. at 605 (emphasis added). None of Village Communities' own land was at risk of being taken. Even assuming (without

8

deciding) that the County's proposed condition for the mitigation of the extreme fire safety risk from the large new development was "coercive," the condition was, at most, "coercing" Village Communities into *acquiring* additional property interests in the form of easements. And Village Communities provides no authority that requiring that a landowner *acquire* property as a condition of permit approval constitutes the type of unconstitutional *taking* it claims occurred here.[9] *See Ballinger*, 24 F.4th at 1292 ("Whenever a regulation results in a physical appropriation of property, a *per se* taking has occurred . . . . [A]ppropriation means *taking* as one's own." (citations omitted)). Because the easement condition was not a taking of the type claimed by Village Communities, it could not have been an unconstitutional exaction under *Koontz*. *Id.* at 1298 ("Because the [condition that the landowners pay a] relocation fee [to evicted tenants] was not a taking, it cannot have been an unconstitutional exaction."). Village Communities' takings claim therefore fails, and we affirm the grant of summary judgment.

5.      We decline to consider Village Communities' challenge to the motion in limine ruling because it was raised for the first time on appeal.[10] *Smith v.*

---

[9] We express no view on whether the type of claim made by Village Communities can constitute a regulatory takings claim. We similarly express no view on whether an "irrational" proposed condition can violate the substantive due process rights of a property owner.

[10] The parties do not dispute that this argument was raised for the first time on appeal.

*Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

**AFFIRMED.**